JAY K. GOLDBERG [JG-1294]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York 10018
212-766-3366

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------X

ORLANDO MARMOLEJO

       Plaintiff,

   - against -

CITY OF NEW YORK, SERGEANT ALBA WILSON, SHIELD 4724
and POLICE OFFICERS JOHN DOE 1-6,

      Defendants.
-----------------------------------------------------------------------X

17 CV 7517

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

## PARTIES, JURISDICTION and VENUE

1. Plaintiff, ORLANDO MARMOLEJO, is a 20 year old male, who, at all times relevant to this action, was a resident of Kings County, New York.

2. Defendant, CITY OF NEW YORK ("CITY"), is a municipality within the State of New York, which includes Kings County. NYC maintains a police department, the New York City Police Department ("NYPD"), which is an agency of the municipality.

3. Upon information and belief, SERGEANT ALBA WILSON, SHIELD 4724, was at all relevant times an officer with the NYPD assigned to the 76TH Precinct. All actions by WILSON complained of herein were taken in the course of his employment and under color of law. WILSON is being sued in both his individual and official capacities.

1

4. Upon information and belief, Defendants POLICE OFFICERS JOHN DOE 1-6 ("the DOE defendants"), fictitious names of unidentified persons, were at all relevant times uniformed officers with the NYPD. All actions by the DOE defendants complained of herein were taken in the course of their employment and under color of law. The DOE defendants are being sued in both their individual and official capacities.

5. Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. § 1343.

6. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

7. The instant action is commenced within one year and ninety days of the date of accrual of all causes of action.

## FACTS GIVING RISE TO THE CLAIMS

8. On February 20, 2017, shortly after midnight, PLAINTIFF went to a Dunkin' Donuts coffee shop located at 289 Hamilton Avenue, Brooklyn, NY, and purchased a cup of coffee.

9. Because PLAINTIFF believed that the coffee had too much sugar, he requested either a new cup or a refund of the purchase price.

10. PLAINTIFF and the server were engaged in a verbal dispute over the coffee. At no time was there any physical contact between PLAINTIFF and the store employee.

11. During the course of this exchange, a number of police vehicles arrived at the location and PLAINTIFF went outside to speak with the officers.

12. PLAINTIFF was approached by Defendant WILSON and the DOE

2

defendants who asked him what had occurred inside the Dunkin' Donuts. PLAINTIFF responded by explaining his account of the events to the officers.

13. During the course of his conversation with the officers, PLAINTIFF did not engage in any criminal conduct nor did he physically touch any of the officers.

14. PLAINTIFF was instructed by the Defendant officers to leave the location, but he initially refused, asserting that he wanted to get a refund or a new cup of coffee.

15. The Defendant officers refused to allow PLAINTIFF re-entry into the store, and continued to order him to leave the location.

16. During the course of the conversation with the Defendant officers, PLAINTIFF never made an attempt to re-enter the store.

17. Eventually, PLAINTIFF turned his back on the Defendant officers, stated his intention to leave the scene, and, in compliance with the officers' instructions, began to walk away from the location.

18. At this point, while PLAINTIFF's back was turned and he was approximately five feet away from any officer, Defendant WILSON fired his Taser at PLAINTIFF.

19. PLAINTIFF was struck by two Taser darts which embedded into his back and caused PLAINTIFF to be knocked to the ground.

20. PLAINTIFF was placed in handcuffs and transported by ambulance to NYU-Langone Hospital in Brooklyn, where the darts were removed and the wounds to his back were treated.

21. PLAINTIFF was released from the hospital and was not charged with any criminal or non-criminal offense.

22. The Taser darts left two large and permanent scars on PLAINTIFF's back.

23. From the night of the Taser attack and continuing to the present time, PLAINTIFF has suffered from panic attacks for which he has received medical treatment.

24. PLAINTIFF continues to suffer pain and emotional distress as a result of the Taser attack.

### FIRST CLAIM
(EXCESSIVE FORCE - §1983)

25. Pursuant to Rule 10(c), PLAINTIFF repeats and realleges each and every allegation of paragraphs 1 through 24 of the Complaint as if incorporated and reiterated herein.

26. By shooting PLAINTIFF with a Taser without legal cause or justification, Defendant WILSON violated PLAINTIFF's rights under the Eighth and Fourteenth Amendments of the United States Constitution. Specifically, the right to be free from the use of excessive force under color of law.

27. By reason thereof, Defendant WILSON violated 42 U.S.C. §1983 and caused PLAINTIFF to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

### SECOND CLAIM
(ASSAULT - §1983)

28. Pursuant to Rule 10(c), PLAINTIFF repeats and realleges each and every allegation of paragraphs 1 through 27 of the Complaint as if incorporated and reiterated herein.

29. While acting under color of law, Defendant WILSON committed an intentional and violent assault against PLAINTIFF, without legal cause or justification, in violation of the Eighth and Fourteenth Amendments of the United States Constitution. Specifically, the right to be free from unlawful assault by an officer of the law.

30. By reason thereof, Defendant WILSON violated 42 U.S.C. §1983 and caused PLAINTIFF to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

### THIRD CLAIM
(FAILURE TO INTERCEDE- §1983)

31. Pursuant to Rule 10(c), PLAINTIFF repeats and realleges each and every allegation of paragraphs 1 through 30 of the Complaint as if incorporated and reiterated herein.

32. The conduct of the DOE defendants in failing to intercede or take any steps to protect PLAINTIFF from the unjustified and unconstitutional treatment he suffered at the hands of Defendant WILSON were done intentionally, maliciously, with deliberate indifference, and were designed to and did cause pain and suffering in violation of PLAINTIFF's constitutional rights, specifically under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

33. By reason thereof, Defendants DOE 1-6 violated 42 U.S.C. §1983 and caused PLAINTIFF to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## FOURTH CLAIM
### (FALSE ARREST - §1983)

34. Pursuant to Rule 10(c), PLAINTIFF repeats and realleges each and every allegation of paragraphs 1 through 33 of the Complaint as if incorporated and reiterated herein.

35. PLAINTIFF was placed in handcuffs and forcibly removed from the scene without lawful basis. In so doing, Defendant WILSON and the DOE defendants violated PLAINTIFF's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution under color of law. Specifically, the right to be free from unlawful arrest under color of law.

36. By reason thereof, Defendant WILSON and Defendants DOE 1-6 violated 42 U.S.C. §1983 and caused PLAINTIFF to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## FIFTH CLAIM
### (EXCESSIVE FORCE - STATE CLAIM)

37. Pursuant to Rule 10(c), PLAINTIFF repeats and realleges each and every allegation of paragraphs 1 through 36 of the Complaint as if incorporated and reiterated herein.

38. By shooting PLAINTIFF with a Taser without legal cause or justification, Defendant WILSON used excessive force under color of law against PLAINTIFF.

39. By reason thereof, Defendant WILSON caused PLAINTIFF to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

40. Because Defendant WILSON acted within the scope of his duties as a member of the NYPD, Defendant City is also liable under this claim based on a theory of *respondeat superior*.

## SIXTH CLAIM
### (ASSAULT - STATE CLAIM)

41. Pursuant to Rule 10(c), PLAINTIFF repeats and realleges each and every allegation of paragraphs 1 through 40 of the Complaint as if incorporated and reiterated herein.

42. By shooting PLAINTIFF with a Taser without legal cause or justification Defendant WILSON, while acting under color of law, committed an intentional and violent assault against PLAINTIFF.

43. By reason thereof, Defendant WILSON violated 42 U.S.C. §1983 and caused PLAINTIFF to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

44. Because Defendant WILSON acted within the scope of his duties as a member of the NYPD, Defendant City is also liable under this claim based on a theory of *respondeat superior*.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PLAINTIFF hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the PLAINTIFF demands judgment against Defendants as follows:

i) On the first claim, actual and punitive damages in an amount to be determined at trial;

ii) On the second claim, actual and punitive damages in an amount to be determined at trial;

iii) On the third claim, actual and punitive damages in an amount to be determined at trial;

iv) On the fourth claim, actual and punitive damages in an amount to be determined at trial;

v) On the fifth claim, actual and punitive damages in an amount to be determined at trial;

vi) On the sixth claim, actual and punitive damages in an amount to be determined at trial;

vii) Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and

viii) Such other relief as the Court deems just and proper.

Dated: New York, New York
December 26, 2017

                        Goldberg & Allen, LLP
                        Attorneys for PLAINTIFF

By: _____
     Jay K. Goldberg [JG-1294]
     49 West 37th Street, 7th Floor
     New York, New York 10018
     (212) 766-3366